UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEACOR MARINE LLC,<br><br>                              Plaintiff,<br><br>          -against-<br><br>WHITE MARLIN OPERATING<br><br>COMPANY, LLC, ~~LCC~~,<br><br>                              Defendant. | |

23-CV-8081 (JGLC)

**<u>AMENDED ORDER
ADOPTING REPORT AND
RECOMMENDATION</u>**

JESSICA G. L. CLARKE, United States District Judge:

On November 7, 2024, this Court granted Plaintiff Seacor Marine LLC's Motion for Default Judgment and referred the case to Magistrate Judge Ricardo for an inquest to determine the judgment to be entered. ECF No. 46. In a Report and Recommendation filed on May 1, 2025, Magistrate Judge Ricardo recommended that the Court award Plaintiff: "$128,770.60 in unpaid principal, $77,262.36 in pre-judgment interest, and post-judgment interest." ECF No. 51 at 1. On December 4, 2025, Plaintiff filed an affidavit of service of the Report and Recommendation on Defendant White Marlin Operating Company, LLC. ECF No. 53. Therefore, the deadline for Defendant to file objections to the Report and Recommendation was December 18, 2025. *See* ECF Nos. 51, 53. However, neither Plaintiff nor Defendant filed any objections to the Report and Recommendation.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that

there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This "clearly erroneous" standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. See ECF No. 51 at 19. Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

The Court has reviewed the Report and Recommendation, unguided by objections, and finds it to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to enter default judgment against Defendant, awarding Plaintiff $128,770.60 in unpaid principal, $77,262.36 in pre-judgment interest, and post-judgment interest the statutory rate calculated by the Clerk of Court. The Clerk of Court is

further directed to close this case.

Dated:  December 23, 2025
        New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge